# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND RELEASE

1. This Agreement covers all understandings between Edward Gross (hereinafter referred to as "Plaintiff," a term which includes Plaintiff's successors, beneficiaries, assigns, personal representatives, and heirs), and Anchor Towing and Marine Transport of Broward, Inc. . (hereinafter referred to as "Defendant," a term which includes every officer, director, attorney, employee, agent, fictitious name, parent corporation, affiliated business entity, affiliated person, subsidiary, affiliate or division, and any of its successors, assigns, beneficiaries, related companies, servants, legal representatives, insurers and heirs).

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

A. For and in consideration of the required acts and promises set forth in the text of this Agreement, Plaintiff hereby knowingly and voluntarily releases and discharges Defendant, Anchor Towing and Marine Transport of Broward, Inc. and Lourdes Daniel from any and all claims, demands, causes of action, complaints or charges, known or unknown, of any kind or character, in tort, in contract, or under any other law or statute whatsoever, which Plaintiff has or might have as a result of, or in any way connected to or related to with Plaintiff's employment or separation of employment with Defendant, including but not limited to Case 15-00442 (S.D.Fla. , or claims under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1866 and 1871, the Americans With Disabilities Act, the Employee Retirement Income Security Act, as amended, The Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, the Family and Medical Leave Act, the Pregnancy Discrimination Act, the Equal Pay Act of 1973, the Rehabilitation Act of 1973, the Occupational Safety and Health Act, the Immigration Reform and Control Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Florida Civil Rights Act of 1992, as amended, the Florida Whistleblower Act, Florida Statutes Section 440.205, and all other local, state or federal laws including but not limited to these relating to discrimination, denial or termination of any health benefit or benefits of any other kind, or any claims of breach or violation of public policy, any claims arising under the Federal or any state constitution, wrongful or constructive discharge, retaliatory discharge, breach of contract, wage claims, including but not limited to claims for bonuses, severance, vacation and overtime, promissory estoppel, fraud, fraudulent misrepresentation or concealment, retaliation, breach of the covenant of good faith and fair dealing, intentional and/or negligent infliction of emotional distress, outrageous conduct, interference with prospective business advantage, negligence, negligent misrepresentation or concealment, wrongful or bad faith termination, defamation and other business or personal injury, or any other claims or rights to damages, whether contractual, liquidated, compensatory, exemplary, or punitive, or rights to or claims for injunctive or equitable relief, or rights to or claims for expenses, costs, fees, attorneys' fees, and all losses of any kind whatsoever, other than claims for unemployment compensation or for worker's compensation injuries (none of which exist at the current time), which Plaintiff has or might have by virtue of any fact(s), act(s) or

1

event(s) occurring prior to the effective date of this Agreement. All such claims, if any, are hereby compromised, settled, and extinguished in their entirety.

The foregoing is not a complete list, and Plaintiff waives and releases all similar rights and claims under all other federal, state and local discrimination provisions and all other statutory and common law causes of action relating in any way to Plaintiff's employment or separation from his employment with Defendant, or otherwise, and whether such claims are now known or unknown to Plaintiff, from the beginning of the world to the effective date of this Agreement.

B. Plaintiff represents and warrants to Defendant that he is the sole and lawful owner of all right, title and interest in and to every claim and other matter that Plaintiff purports to release or compromise by this Agreement and that Plaintiff has not previously assigned or transferred, either by act or operation of law, to any Party or entity, any claim or other matters released by this Agreement. In the event that Defendant is subjected to further claim by any person, firm, corporation or other entity, acting under any actual or purported lien, right or subrogation, or assignment, Plaintiff, whose claim such person seeks to assert, will indemnify and hold Defendant harmless from any such claim or demand.

Plaintiff represents and warrants that there are no other lawsuits or proceedings of any kind filed by him against Anchor Towing and Marine Transport of Broward, Inc. and Lourdes Daniel, or against any of Defendant's employees, agents, or representatives, and no complaint or proceedings have been initiated, lodged or filed by him against Defendant with any federal, state, or local regulatory or administrative agency, division or department; Plaintiff further agrees not to initiate any such proceedings in the future, and if any other complaints, proceedings or lawsuits, were previously initiated by Plaintiff prior to the date this Agreement becomes fully executed, Plaintiff shall dismiss them in writing, with prejudice.

C. To agree and acknowledge that this settlement is the full and final resolution of a disputed claim and does not constitute an admission by Defendant of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendant to Plaintiff. The parties acknowledge that Defendant have agreed to make the Settlement Payments referenced above solely to avoid the cost of defense, and not in recognition of the merit of any allegation against it.

D. Plaintiff agrees that he will henceforth keep this Agreement, the terms and conditions of this Agreement, and the discussions leading up to this Agreement, strictly confidential. If inquiries arise concerning this Agreement, Plaintiff may reply "no comment." The Plaintiff shall not make any verbal or non-verbal cues, statements or winks suggesting that he received money or otherwise resolved his case. Plaintiff further agrees that he will not review, discuss or disclose, orally or in writing, the existence of this Agreement, the communications leading to this

Agreement, or the terms and provisions of this Agreement with any person other than his attorneys, tax consultants, and/or taxing authorities. Plaintiff further agrees that he shall not disclose or permit the disclosure of any term or provision of this Agreement or communications leading to this Agreement to any past, present or future employee of Defendant. The only exceptions to the restrictions set forth in this paragraph shall be a disclosure required by the express terms of a court order, or disclosure made by Plaintiff of this Agreement to his attorneys, and/or tax advisor, on the condition that any disclosure by them to any other persons shall be deemed a violation of this Agreement. As the parties agree that confidentiality is a material part of this Agreement, but that the damages arising from a breach by the Plaintiff would be difficult if not impossible to determine, the parties agree that should Plaintiff breach the confidentiality obligations herein, he shall re-pay to Defendant, all monies received under this agreement, and entitle the Plaintiff's to a temporary and permanent injunction barring communication of the terms hereof.

The Plaintiff also agrees that he will not publicize, disseminate or otherwise make statements, or encourage or suggest to others to publicize, disseminate or otherwise make statements, that are in any way negative, disparaging or derogatory regarding Defendant or any of Defendant's former or present parent corporations, affiliates, subsidiaries, divisions, partners, related companies, predecessors, successors, assigns, and management companies as well any and all former or present employees, officers, directors, shareholders, members, insurers, attorneys and agents thereof. In addition, in the event of a proven breach of the foregoing provisions, the Plaintiff shall be required to return and repay all monetary consideration paid under this Agreement.

E.  Plaintiff hereby represents that he has not filed and will not file any additional complaints or lawsuits against the Defendant with any federal, state, county or municipal agency or court with regard to any matter covered in this Agreement and Plaintiff will immediately file a dismissal with prejudice of any charges, complaints or lawsuits he has filed against the Defendant with any federal, state, county or municipal agency or court with regard to any matter covered in this Agreement. Plaintiff represents that he has not filed, and does not intend to file, any charge(s) of discrimination against Defendant with any federal, state, or local administrative agency and waives and releases any recovery that he might obtain as a result of filing such charge(s). Plaintiff understands that Defendant have reasonably relied on Plaintiff's representations in this paragraph in agreeing to perform those obligations set forth in this Agreement.

Plaintiff agrees that he will not voluntarily cooperate with any other person or entity who files or expresses a desire to file a grievance, claim, lawsuit, cause of action or any other claim of any nature whatsoever against the Defendant. Plaintiff will not take any action or cause or encourage others to take any action which is inconsistent with the provisions of this Agreement. This Agreement does

not preclude Plaintiff from complying with any valid subpoena or other valid legal means of compulsion, which may be issued by a court of competent jurisdiction or government agency.

F. Opportunity to Consider and Confer. By signing this Agreement, Plaintiff acknowledges that he has had the opportunity to study, consider, and deliberate upon this Agreement and has had the opportunity to consult with his attorney. Plaintiff acknowledges that he has twenty-one (21) days in which to consider this Agreement prior to its execution. Once Plaintiff has executed this Agreement, he has seven (7) days in which to revoke his signature and this Agreement does not become effective or enforceable and the Defendant are not obligated to make the payments or perform any other promises outlined until this revocation period has expired. A revocation of this Agreement will be effective only if the revocation is delivered in writing, before or on the day of the expiration of the seven (7) day revocation period, to the office of Bober & Bober, P.A., via facsimile to (954) 922-5455. Plaintiff fully understands and is in full agreement with all the terms of this Agreement and he signs this Agreement freely and voluntarily. Plaintiff represents and affirms that he does not rely upon and has not relied upon any representation or statement made by anyone that has not been set forth in this Agreement.

G. No Re-employment. Plaintiff agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with or to provide services in any manner to the Defendant. Plaintiff further agrees that the Defendant shall not be under any obligation to employ or contract with him and that, should any application be made by him, the Defendant shall not have any obligation to process that application or to hire him and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law.

3. For and in consideration of the promises outlined in Paragraph 2 of this Agreement, Defendant will pay Plaintiff and his counsel the gross sum of **$2,500.00**, inclusive of $500.00 in wages; $500.00 in liquidated damages and $1,500.00 in attorneys' fees and costs (hereinafter, the "Settlement Sum"). Plaintiff warrants that this amount completely compensates and fully satisfies him for any indebtedness he has for attorney's fees and costs. After all parties hereto execute this Agreement, the parties will file a Joint Motion to Approve Settlement Agreement in the case styled <u>Gross v. Anchor Towing and Marine Transport of Broward, Inc.</u>, Case 15-00442 (S.D.Fla.). The Plaintiff acknowledges that he has been fully and finally compensated for all claims, complaints, attorneys' fees, costs, demands or debts, and that he is owed nothing further from Defendant. Plaintiff agrees to indemnify Defendant for any tax payments that the Internal Revenue Service or any other local, state or federal taxing agency determines to be due and owing as a result of any payment made pursuant to the terms of this Agreement. The Settlement Sum shall be paid by Anchor Towing and Marine Transport of Broward, Inc. by not later than 14

4

days after this Agreement is approved by the U.S. District Court and the case is dismissed with prejudice.

4   Plaintiff and Defendant agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

5.  Plaintiff agrees, warrants, and represents that neither he, nor anyone acting on his behalf, has ever contacted, communicated with, or solicited present or former employees of Defendant for the purpose of encouraging and/or assisting with the filing of any claims, lawsuits, charges, complaints, petitions, or other accusatory pleadings against Defendant with any governmental agency or any court. Plaintiff further agrees, warrants, and represents that neither he nor anyone acting on his behalf, shall ever contact, communicate with, or solicit present or former employees of Defendant, or any related entities and affiliates, for the purpose of encouraging and/or assisting with the filing of any claims, lawsuits, charges, complaints, petitions, or other accusatory pleadings against Defendant with any governmental agency or any court, except as may be compelled by force of law. Plaintiff agrees he has not and will not take make any complaints against the Defendant with any government or regulatory agency.

6.  Plaintiff agrees that prior to execution of this Agreement, Plaintiff has returned all items, of any kind, which relate, in any way, to the business of the Defendant including but not limited to all correspondence, financial information, immigration documents, passports, client information, vendor information, business plans, reports, summaries, charts, business records, Defendant's website data, user names, login codes, passwords, pass codes, client contact information, trade secrets, notes, and data regardless of whether the items are in electronic or hard copy form. Plaintiff agrees to not retain copies of any such items, in any form, and warrants and represents that he has not delivered any such items, nor copies of any such items, to any other third person or entity. Plaintiff acknowledges that the provisions of this paragraph have been expressly relied upon by the Defendant and Defendant as an inducement to entering this agreement. Further, Plaintiff expressly warrants and represents that the provisions of this paragraph are correct and truthful.

7.  This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendant. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by Plaintiff and an authorized representative of Defendant.

8.  Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision

5

shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

9. The law governing this Agreement shall be that of the United States and the State of Florida. The parties hereto shall request the U.S. District Court retain jurisdiction to enforce the terms of settlement.

10. The Parties shall jointly file a Joint Motion to Approve Settlement and Dismiss Case with Prejudice after this Agreement becomes fully executed.

THE FOREGOING TERMS ARE AGREED TO AND ACCEPTED BY:

DATE: 7-29-15                    Signature: *[signature]*

                                                                 Edward Gross

DATE: 8/5/15                     Signature: *[signature]*

                                                  Anchor Towing and Marine Transport of Broward, Inc.